UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JARED HOTARD** | ) | NUMBER: |
|     **Plaintiff** | ) | |
| | ) | |
| | ) | SECTION: |
| **VERSUS** | ) | |
| | ) | |
| | ) | JUDGE: |
| | ) | |
| **Lion Copolymer Geismar, LLC.** | ) | |
| | ) | MAGISTRATE: |
|     **Defendant** | | |

## COMPLAINT

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1981. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343. Supplemental jurisdiction over claims under state law is also invoked pursuant to 28 U.S.C. Section 1367 to hear claims under Louisiana Civil Code articles 2315, 2316 and 2320 and LSA R.S. 23:311, 321, 331 *et seq*. A jury trial is requested.

### II. PLAINTIFF

2. Plaintiff, Jared Hotard, is a male who resides in Jefferson Parish, State of Louisiana in the Eastern District of Louisiana. He filed a timely complaint with the EEOC and is filing this action within the requisite timeframe.

### III. DEFENDANT

3. Defendant, Lion Copolymer Geismer, LLC., operates in Ascension Parish, State of Louisiana in the Middle District of Louisiana at all relevant times.

## IV.  STATEMENT OF FACTS

4. Plaintiff began working for Defendant in 2015 at the Geismar, Louisiana facility.

5. Plaintiff had a pre-existing condition with his shoulder. This condition was not related to his employment with defendant.

6. Plaintiff informed defendant of issues with his shoulder with respect to his employment and labors in May 2015.

7. Plaintiff requested an assignment which would not burden a pre-existing shoulder injury.

8. Plaintiff was placed on disability leave rather than be re-assigned to a position that could accommodate his shoulder injury.

9. Plaintiff attempted to return to his employment in November 2015 at the end of the disability leave he was assigned by defendant.

10. Plaintiff was informed that no position was available for him.

11. Plaintiff was aware that a position with reasonable accommodation was available prior to and during his disability leave in a laboratory setting which would not have unduly burdened his shoulder.

12. Plaintiff was terminated in December 2015 because he was informed that no reasonable accommodation could be provided to him.

13. Plaintiff requested reasonable accommodation when he asked management why he was not allowed to be considered for a position that did not require physical labors that stressed his pre-existing shoulder injury. The managers responded adversely when they refused to allow to apply or be considered for such a position.

14. Prior to Plaintiff's termination, Plaintiff was retaliated against for requesting reasonable accommodation and for inquiring as to why he was denied reasonable accommodation with

respect to his pre-existing shoulder injury.

15. Despite repeated inquiry for reasonable accommodation and inquiries of grounds underlying disability discrimination, Plaintiff was terminated in December 2015.

16. Defendant refused prompt remedial action or accommodation for the pendency of Plaintiff's inquiries.

17. Subsequent to Plaintiff's termination, Plaintiff filed a complaint with the EEOC alleging the preceding facts and grounds for subsequent causes of action.

## V.  CAUSES OF ACTION
Discrimination in Violation of 42 U.S.C. §2000e, *et seq*. (Title VII) for Age, Race, Disability, and Retaliation

18. Plaintiff re-alleges all facts listed in paragraphs 2 - 17.

19. The actions of Defendant as described herein, display a wanton and reckless disregard for Plaintiff's Federally-protected civil rights and rights granted by Louisiana law.

20. Furthermore, Defendant is liable under Federal law for not training its managers on federal laws regarding disability-based discrimination and retaliation.

21. Defendant intentionally, knowingly, recklessly and excessively violated Plaintiff's civil rights when allowing other employees to deny plaintiff reasonable accommodation.

22. Defendant intentionally, knowingly, recklessly, and excessively violated Plaintiff's civil rights in allowing Plaintiff's supervisor(s) to retaliate against Plaintiff in requesting reasonable accommodation and inquiring as to why Plaintiff was denied reasonable accommodation under Federally-mandated anti-retaliation law.

23. Defendant's conduct proximately caused significant injuries and damages to Plaintiff for damages cause by Defendant's actions, *inter alia*:

> i. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that recognize,

        protect, and ensure adherence to Plaintiff's civil rights;

ii. Failing to provide adequate or reasonable training, supervision, monitoring or control of managers or supervisors, including the managers referenced herein, so that managers carry out their duties without infringing upon Plaintiff's civil rights; and

iii. Failing to hold supervisors and managers responsible for the misconduct of their subordinates; and

iv. Failing to provide adequate or reasonable training, supervision, monitoring, or control of managers or supervisors, including the managers references herein, so that managers carry out their duties without retaliating against Plaintiff.

## VI. <u>DAMAGES</u>

24. As a result of the actions of the Defendant as described above, Plaintiff has suffered damages, as follows:

    a. Plaintiff suffered severe physical, mental, emotional injury and pain and suffering;

    b. Plaintiff suffered loss wages, loss of all benefits, humiliation, impairment of reputation, based on terms and conditions of employment; and

    c. All other damages provided by statute or law.

## VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that after due proceedings, there be judgment on his behalf and against Defendant, for damage, *inter alia*:

1. Compensatory damages;

2. Reasonable attorney's fees and all costs associated with these proceedings;

3. That judicial interest be awarded from the date of judicial demand;

4. That this matter be tried by a jury; and

5. All other relief that this Court deems just and proper and any other relief as allowed by law as prayed for herein.

Respectfully submitted,

*[signature]*

Dayal Reddy (#31928)
2901 Ridgelake Drive.; Suite 105
Metairie, Louisiana  70002
Phone: (504) 383-3606
Fax: (866) 910-5978
Email: dayalsreddy@gmail.com
*Attorney for Plaintiff*

Service on Defendants Lion Copolymer Geismar, LLC to be effected in accordance with Fed. R. Civ. P. 4.

*[signature]*

Dayal Reddy